LEONARD P. BOSWORTH, *vs.* FREDERICK I. JOHNSON.

MARCH 9, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)* *Equity.  Partnership.  Dissolution of Partnership.*

Upon a bill seeking the dissolution of a partnership, the appointment of a
receiver, the sale of the assets and for an accounting, the entry of a decree
dissolving the partnership and ordering the cause sent to a master for an
accounting did not by reason of stating that the partnership was dissolved,
oust the court of its jurisdiction to determine the remaining issues.

*(2)* *Equity.  Retaining Jurisdiction.*

Where equity has obtained jurisdiction of a controversy on any ground, or
for any purpose, it will retain jurisdiction for the purpose of administering
complete relief and doing entire justice with respect to the subject matter,
provided it is authorized by the pleadings.

*(3)* *Equity.  Partnership.  Receivers.  Sale of Assets.*

Where by decree a balance in the hands of a receiver was paid into the
registry of the court, and in the travel of the case, the master had found
that respondent had agreed to assign certain patent rights to the partner-
ship, and the receiver had paid the fees to perfect the patents and this
charge was included in his report which was allowed by consent decree
and nothing was done about disposing of the patents, the discharge of the
receiver did not determine that the patents, were not assets of the partner-
ship, and the court properly appointed a receiver thereafter, to take an
assignment of the patents and make sale thereof.

*(4)* *Equity.  Masters in Chancery.  Exceptions to Report.*

Under Gen. Laws, cap. 289, § 17, if rulings or findings of a master are not
specifically excepted to within thirty days after the opening of his report,
they are conclusive upon all parties, and in the absence of such exceptions
reasons of appeal attacking the validity of a decree confirming the report
of a master cannot be considered.

*(5)* *Equity.  Masters.  Exceptions to Report.*

A motion to recommit a master's report filed nearly eighteen months after
the opening of the report no reason being stated for such recommitting,
is without merit, where Gen. Laws, cap. 289, § 17, provides that for cause
shown the time for excepting to the report of a master may be extended on
motion filed within 30 days after the opening of the report.

BILL IN EQUITY for dissolution of partnership and for
other relief.  Heard on appeal of respondent and dismissed.

Sweeney, J.  This is an appeal from an interlocutory
decree entered October 13, 1922, ordering certain patent

rights belonging to the copartnership sold; appointing a receiver to receive an assignment of said patent rights and to make a sale thereof; and ordering him to deposit the net proceeds of such sale in the registry of the court. The decree orders the copartners to execute and deliver to said receiver proper assignments of said patent rights. The respondent, deeming himself aggrieved by this decree, filed his claim of appeal therefrom October 18, 1922, and has duly brought the cause to this court.

The following facts, as shown by the record, are material in considering the reasons for the appeal. The bill of complaint was filed February 24, 1920, and prayed for an injunction; the dissolution of a copartnership existing between the parties; the appointment of a receiver of the copartnership assets and the sale thereof; and an accounting. A temporary receiver was duly appointed and after the answer was filed the same receiver was made the permanent one. April 17, 1920, after a hearing and by agreement of counsel, a decree was entered adjudging that the copartnership be dissolved and that the cause be referred to a standing master in chancery to take a mutual account of all dealings and transactions between the parties. The parties were unable to agree upon the issues of fact and May 1, 1920, a decree was entered referring the cause to a master for the framing of issues of fact. He filed his report June 23, 1920, and September 16, 1920, a decree was entered confirming his report. October 19, 1920, a decree was entered instructing the master appointed April 17, 1920, that he was to give due weight and consideration to both the terms of reference and the issues of fact as framed and confirmed, "which are hereby made a part of and included in said reference."

April 10, 1920, an assent decree was entered appointing the temporary receiver the permanent one, and this decree was supplemented by another assent decree, entered May 8, 1920, fully stating the powers and duty of the permanent receiver. The temporary receiver made his first report

March 20, 1920, and April 10, 1920, an assent decree was entered confirming the same. This report states, "This statement does not include any claims for or against the partnership made on behalf of or against the two partners . . . as I am advised the matter of these claims will be dealt with on an accounting between the partners before a Master." September 13, 1922, the permanent receiver filed his final account and report and an assent decree was entered at the same time allowing his account and report, ordering him to pay the balance of $80.69 in his hands into the registry of the court, and decreeing that, upon such payment being made, he and the surety on his bond were to be discharged from all liability.

Three reasons for the appeal attack the decree appealed from and they will now be considered.

(1) The seventh reason for appeal is that the decree is impossible as the partnership was dissolved by the decree entered April 17, 1920. This claim cannot be sustained as the dissolution of the copartnership existing between the parties was only one of several issues to be settled by the court under the pleadings in the case; and the entry of the interlocutory decree April 10, 1920, stating that the copartnership was dissolved, did not oust the court of its jurisdiction to hear and determine the remaining issues. In the same decree the court retained jurisdiction of the cause by ordering it sent to a master to take mutual account of all dealings between the parties. "It is a well-settled rule that a court of equity, which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter. 21 C. J., 134, Sec. 117." By virtue of this rule, a court of equity, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between the parties, connected (2) with the main subject of the suit, and grant all relief

necessary to an entire adjustment of such subject, provided it is authorized by the pleadings.　*Ibid.,* Sec. 118.

The eleventh reason for appeal is that the court lost jurisdiction of the subject matter and that the property and the whole subject matter is discharged from the control of the court because the court accepted the final account of the receiver, September 13, 1922, and discharged his bond from all liability.

The twelfth reason for appeal is that the discharge of the receiver determined that this patent right was not an asset of the copartnership. The respondent argues in his brief (3) that these reasons of appeal ought to be sustained because, on the final accounting and discharge of the receiver by decree entered September 13, 1922, "all questions concerning the assets of the partnership were settled, including the question that these patents were not assets of the partnership, the court lost jurisdiction of the subject matter, and the property was discharged from the control of the court."

The respondent cites several cases showing that when a receiver has surrendered the property in his hands to the owners and has been discharged the case is ended. These cases are not in point for, in the case at bar, the balance in the hands of the receiver was not paid to the owners as the interlocutory decree ordered the receiver to pay it to the registry of the court where it now remains, so far as the record shows. An important and contested issue between the parties was whether or not the respondent invented certain articles and, if so, did he agree to assign the inventions and the patent rights thereto to the copartnership. February 14, 1921, the master filed his report and in it he found that the respondent did invent the articles in question and that he did agree to assign the inventions and patent rights thereto, if procured, to the copartnership. April 27, 1921, a decree was entered authorizing the receiver to cause certain fees to be paid to the patent office of the United States in order to perfect certain patents, one-half

of which the master found to belong to the complainant, and the assent decree allowing the account of the receiver, entered September 13, 1922, shows that the receiver paid the fees authorized to perfect the patents. It is not claimed that the receiver ever sold the inventions or patent rights belonging to the copartnership and as they have not been sold they are still assets of the copartnership, and the claim that the discharge of the receiver determined that the patent rights were not assets of the copartnership is not supported. by the record and cannot be sustained. The respondent quotes a *dictum* from the leading case of *Dalzell v. Dueber Watch Mfg. Co.,* 149 U. S. 315, to the effect that an oral agreement to assign a patent may be enforced in equity and that equity will not enforce a contract unless it is certain, fair and just. In his report the master states that he "thinks that the whole conduct of Mr. Bosworth with respect to the copartnership between himself and Mr. Johnson was characterized by fair dealing on his part and was one of entire trust and confidence in Mr. Johnson. Every dollar that was expended in behalf of the copartnership was furnished directly or indirectly by Mr. Bosworth."

The remaining reasons for appeal (excepting the thirteenth) question the validity of the decree, entered June 14, 1921, confirming the report of the master. The complainant claims that this decree is not now open to attack by the respondent because no exception was taken by him to the report of the master within thirty days after said report was opened. The record shows that issues of fact were duly framed and the court sent the pleadings and issues to a standing master in chancery to hear and report (4) to the court the evidence and his rulings thereon and his finding on such evidence.

After hearing the parties, the master, as required by the rule in equity, submitted a draft of his report to the solicitors for the parties. Each party filed objections to the report and, after considering the objections, the master made up his report and, February 14, 1921, filed the same

in court with the evidence and his rulings thereon. Within thirty days from the time of the opening of the master's report, the complainant filed exceptions thereto but the respondent did not file any exceptions to the master's report. After a hearing, complainant's exceptions were sustained and June 14, 1921, after notice to respondent, a decree was entered confirming the master's report as modified by the decision of the court sustaining the complainant's exceptions thereto. The decree states, among other things, that the respondent did agree to assign the inventions and patent rights named therein to the partnership and that the inventions and patent rights belong to the partnership. The decree also states that the amount the complainant agreed to contribute to the copartnership was limited to $5,000.00; that the copartnership owes him $22,196.27; and that the respondent owes the copartnership $773.79.

No objection was made to the entry of this decree by either party and the respondent was apparently satisfied with it until October 10, 1922, when he filed a motion praying that the cause be reheard. This motion was filed fourteen days after the complainant had filed a motion asking that a decree be entered ordering the sale of certain copartnership assets. Section 17, Chapter 289, General Laws, 1909, provides, among other things, that if the rulings or findings of the master are not specifically excepted to within thirty days after the opening of his report they shall be conclusive on all parties. The necessity for timely exception under this statute has been decided in the case of *McAuslan v. McAuslan*, 34 R. I. 462, 477, wherein the court says, "Upon the filing of the report in the Superior Court the appellant did not specifically except to the findings of the master, nor unless based upon objections made before the master would such exceptions have been considered if the appellant had attempted to file them. This court has said in *Teoli v. Nardolillo*, 23 R. I. 87: 'Under the well-settled practice of this court, as well as the very uniform practice of equity courts generally, the rule is very strictly

adhered to of not permitting exceptions to be filed when there have been no previous objections taken.' Therefore under the statute the master's findings upon the state of the account between the trustees and the trust estate became conclusive on the parties. This appeal does not have the effect of again opening that matter before this court. In accordance with a well recognized principle of appellate procedure, if the Superior Court should not have reversed the findings of the master in the absence of exceptions to his report, this court upon appeal will not consider the propriety of the master's findings and will not reverse or modify them."

The case at bar comes within the statute and the case just quoted and consequently the reasons for appeal attacking the validity of the decree entered June 14, 1921, confirming the master's report, cannot be considered.

The thirteenth reason for appeal is to the effect that the court erred in not granting the respondent's motion to recommit the master's report. Section 17 of said Chapter 289 provides that, for cause shown, the time for excepting to the master's report may be extended on motion filed within thirty days after the opening of the report. The motion to recommit was filed in this cause nearly eighteen months after the opening of the master's report, and no reason is stated in the motion why the report should be recommitted. There is no merit in this reason for appeal and it is denied.

The respondent's appeal is dismissed, the decree of the Superior Court appealed from is affirmed, and the cause is remanded to that court for further proceedings.

*Charles H. McKenna,* for complainant.

*William A. Heathman, Thomas A. Jenckes, Jr.,* for respondent.